| j WOODARD, J.,
dissenting, in part.
Respectfully, I dissent from the majority’s analysis and conclusions regarding the debt the community owes to Helen Matthews. I must agree with Cynthia that the trial court abused its discretion in its failure to include and assign it, as Steve, himself, established its validity in the trial court and Cynthia did not dispute it but, rather, acknowledged it.
Specifically, under oath, Steve asserted in his sworn detailed descriptive list that the community owed a debt to Ms. Matthews, though he did not know the amount of that debt. The majority finds that he did not admit its validity because he, merely, listed it on his sworn descriptive list; he did not “comment on its validity.” However, the act of swearing that the item is a liability of the community demonstrates that he believed it to be valid. That is precisely what a detailed descriptive list is — a list that “contains all of the community assets and liabilities then known to that party.”[1]
The majority, also, notes that Cynthia did not list the debt on her sworn descriptive list. However, she did not file her own list. Rather, in her answer, she | ¡.traversed, only, those things in Steve’s list with which she disagreed. She did not disagree that the community has a liability to Ms. Matthews. Thus, both parties agreed that the community owes a debt to Ms. Matthews. Since Cynthia did not traverse this item, the only question for the trial court to address was the amount of the debt for which Steve presented evidence.
At trial, it was he who called Ms. Matthews as a witness to establish the amount of the debt. Specifically, his attorney asked her:
Q. I’m going to show you a letter and some attachments that Mr. Hays sent to me, and I’ll mark this Plaintiffs exhibit # 16, and ask you if this — if these are the checks and the note as well as the letter that was sent by your attorney to me setting forth what the debt is?
A. Yes, sir.
The majority finds that the debt’s validity was in dispute because, apparently, Ms. Mathews was attempting to have the debt reduced to judgment in another proceeding. However, again, neither party disputed the debt’s validity during the only proceeding that was before the trial court, and now us, nor does the record even contain a suit number or other sufficient reference information to forestall the trial court’s obligation to assign the debt. Furthermore, Steve did not request that the court withdraw the item from his sworn list of the community’s debts. In other words, the only evidence in the record before us is that neither Steve nor Cynthia disputed that the community owes a debt to Ms. Matthews and Ms. Matthews’ testimony, which clarified the amount of the debt, is unrefuted. Accordingly, the record reveals uncontradicted testimony of the debt and its amount, and the trial court abused its discretion by not assigning it.
*589 Furthermore, prescription does not offer a reasonable basis for the trial court to have ignored the debt. Neither party raised the prescription issue at the trial court, and courts are not permitted to recognize it on their own.[2] The first and only time Steve raised the issue of prescription in the course of these proceedings was in his brief to this court. However, this is inadequate because appellate briefs are no |3more than written arguments. They are not pleadings or part of the record on appeal.[3] Steve did not plead prescription in the trial court, answer Cynthia’s appeal, file his own appeal in this matter, or offer any formal plea of prescription in this court.
Furthermore, a party must specifically plead the affirmative defense of prescription.[4] La.Civ.Code art. 3452 and La.Code Civ.P. art 927(B), explicitly, prohibit courts from supplying any objection or plea of prescription. Therefore, neither we nor the trial court can supply the plea sua sponte.[5]
Usually, prescription is pled in a peremptory exception because it has the effect of terminating the action.[6] However, in the instant case, the prescription plea is atypical; it simply operates as an affirmative defense against the validity of a community debt. Normally, an affirmative defense constitutes a defense to the plaintiffs assertions and is pled in the defendant’s answer.[7] However, further compounding the procedural complexity in this case is Steve’s attempt to raise an affirmative defense, not to Cynthia’s assertions, but to assertions he made in his own pleadings. Specifically, in his sworn descriptive list, he admitted that the community owed a debt to Ms. Matthews. At trial, it was he who called Ms. Matthews as a witness and solicited testimony to prove the validity of the debt, establishing its amount and that he and Cynthia had incurred it during the community’s existence.
When a party makes a declaration in a judicial proceeding, such as Steve did in his sworn detailed descriptive list, the declaration is deemed a judicial confession and constitutes full proof against him of the fact declared.[8] Thus, he cannot, now on appeal, deny a fact to which he has judicially confessed[9] and, in fact, established through his own affirmative proof.
I/Thus, there is no basis for the trial court’s failure to recognize this community debt and to do so was an abuse of discretion.

. La.R.S. 9:2801(l)(b).

. La.Civ.Code art. 3452; La.Code Civ.P. art. 927(B).

. Hyde v. Hibernia Nat’l Bank in Jefferson Parish, 584 So.2d 1181 (La.App. 5 Cir.1991).

. Id.

. La.Civ.Code art. 3452.

. See La.Code Civ.P. arts. 923 & 927.

. La.Code Civ.P. art. 1005.

. La.Civ.Code art. 1853.

. Id.